## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCUS JOHNSON,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **A. SHELDON KOVACH and** | : | **NO.  18-449** |
| **JOHN F.X. REILLY,** | : | |
| **Defendants.** | : | |

## MEMORANDUM

**STENGEL, C.J.**                                                                 **FEBRUARY 12, 2018**

Mr. Johnson brings claims against Assistant District Attorney John F.X. Reilly and Deputy District Attorney A. Sheldon Kovach based on their alleged failure to turn over exculpatory evidence to Mr. Johnson at trial and in the course of post-conviction proceedings. Mr. Johnson seeks leave to proceed *in forma pauperis*. The Court will grant Mr. Johnson leave to proceed *in forma pauperis* and dismiss his Complaint.

### I.       FACTS

In 2000, Mr. Johnson was convicted of four counts of robbery in Delaware County. He claims that he is innocent and that he was wrongfully convicted. However, his petition for post-conviction relief and his petition for a writ of *habeas corpus* were unsuccessful. *See Johnson v. Palakovich*, Civ. A. No. 05-1073 (ECF Nos. 35 & 43.) Mr. Johnson claims that, in 2009, an inmate named Kevin Powell confessed to having committed one of the robberies with an individual named Maurice Shaw. Mr. Johnson filed a second petition for post-conviction relief based on that confession, but his petition was denied by the state court. He also filed a motion for relief from judgment in his federal *habeas* case, which was denied. *Id.* (ECF Nos. 51 & 52.)

Mr. Johnson's family subsequently hired a private investigator, who interviewed Jacqueline Hayes, a store employee who testified for the Commonwealth at Mr. Johnson's trial. Ms. Hayes told the private investigator that she gave police a statement and a "composite sketch of the suspect as 5'6'' not 6' as described in the police affidavit of probable cause leading to [Mr. Johnson's] arrest." (Compl. at 4, ¶ 31.) Mr. Johnson filed a third petition for post-conviction relief "alleging among other things that the Defendants violated [his] right of Due Process by not disclosing Mrs. Hayes statement and composite sketch to [his] defense prior to trial." (*Id.* at 4, ¶ 32.)

Mr. Johnson's private investigator subsequently interviewed Lakeisha Robinson, the victim of one of the robberies. According to the Complaint, Ms. Robinson informed the investigator that the police had told her they had already caught the suspect and that she does not remember signing anything identifying Mr. Johnson. Upon learning of Ms. Robinson's statement, Mr. Johnson amended his third petition for post-conviction relief to include a claim based on her statement. He also included in his petition a discovery request for Ms. Hayes's and Ms. Robinson's "statements, police reports and the composite sketch." (*Id.* at 4, ¶ 36.) The state court denied the petition even though Mr. Kovach "never stated that the above exculpatory evidence . . . was given to [Mr. Johnson's] trial counsel . . . prior to, or during trial." (*Id.* at 4, ¶ 38.) The state court denied Mr. Johnson's petitions and his appeals were also unsuccessful.

Thereafter, Mr. Johnson filed a petition to file a second or successive petition for a writ of *habeas corpus* with the Third Circuit Court of Appeals. The Third Circuit denied that petition on the basis that Mr. Johnson failed to make out a prima facie case of actual innocence because "the Hayes and Robinson statements [he] relies on do not meet [that] standard." *In re Johnson*, 3d Cir. Appeal No. 17-2336 (June 29, 2017 Order). Having failed to obtain relief in state post-

conviction proceedings or federal *habeas* proceedings, Mr. Johnson initiated the instant civil rights lawsuit.

The Complaint bring constitutional claims pursuant to 42 U.S.C. § 1983, based on allegations that the Defendants violated Mr. Johnson's due process rights, his right to access the courts, and his equal protection rights because they "did not disclose the exculpatory statements of Commonwealth witnesses Jacqueline Hayes and Lakeisha Robinson to [his] defense counsel." (Compl. at 3, ¶ 20.)  Mr. Johnson alleges that his claims are "not precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994) because [he] is seeking injunctive and prospective relief."  (*Id.* at 1.)  In that regard, he asks the Court to compel the Defendants to produce the exculpatory evidence uncovered by the private investigator.  Mr. Johnson further alleges that the relief he seeks "does not invalidate his conviction, he merely seeks a redress of the Due Process violation of denying him access to exculpatory evidence to litigate his constitutional liberty interest in proving his innocence in state court."  (*Id.* at 1.)

## II.     STANDARD OF REVIEW

Mr. Johnson's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this civil action.[1]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "[M]ere conclusory statements[] do not suffice." *Id.*  As Mr. Johnson is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[1] As Mr. Johnson is incarcerated, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

## III.    DISCUSSION

Despite Mr. Johnson's assertion to the contrary, his claims are, in fact, barred by the principle announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. at 486-87 (footnote and citation omitted).  More recently, the Supreme Court has elaborated on that principle, explaining that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis omitted).

In *Skinner v. Switzer*, the Supreme Court held that a lawsuit seeking to compel post-conviction DNA testing is cognizable in a § 1983 action because "[s]uccess in the suit gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive."  *Skinner v. Switzer*, 562 U.S. 521, 525 (2011).  In other words, where DNA testing is sought in the post-conviction setting, success on the prisoner's claim does not necessary imply the invalidity of an intact conviction.  *Id.*  In so holding, the *Skinner* court explicitly distinguished claims based on allegations that the prosecution withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S.C. 83 (1963).  "Unlike DNA testing, which may yield exculpatory, incriminating, or inconclusive results, a *Brady* claim, when successful

4

postconviction, necessarily yields evidence undermining a conviction: *Brady* evidence is, by definition, always favorable to the defendant and material to his guilt or punishment." *Skinner*, 562 U.S. at 536. In other words, success on claims that the prosecution withheld exculpatory evidence from a criminal defendant necessarily implies the invalidity of the underlying conviction.

Here, Mr. Johnson's claims are all predicated on allegations that the Defendants withheld exculpatory evidence from him at trial and in post-conviction proceedings. Success on those claims would necessarily imply the invalidity of his convictions, which have not been invalidated. Accordingly, Mr. Johnson's claims are not cognizable in a § 1983 action.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Johnson's Complaint. Although Mr. Johnson will not be permitted to file an amended complaint in this case, the Court will dismiss his claims without prejudice in the event his convictions are invalidated in the future. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016). An appropriate order follows, which shall be docketed separately.